UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 24-cr-456-4 (TJK) |
| v. : | |
| : | |
| MAURICE TUTT, : | |
| : | |
| Defendant. : | |

**STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA**

**I.    Summary of the Plea Agreement**

Maurice Tutt (hereinafter, "the defendant") agrees to admit guilt and enter a plea of guilty to Count 1 of the Information, charging him with Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.

**II.    Elements of the Offenses**

Count 1 of the Information charges that, from on or about January 2024 and continuing until on or about October 2024, the defendant conspired to commit a narcotics offense. The essential elements of the offense of Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, each of which the government must prove beyond a reasonable doubt, are:

1.    That an agreement existed between two or more persons to commit the crimes of distribution and possession with the intent to distribute a controlled substance;

2.    That the defendant intentionally joined that agreement; and

3.    That the defendant knew the purpose of the agreement was to distribute and possess with the intent to distribute a controlled substance.

The law makes fentanyl and cocaine controlled substances.

The essential elements of the underlying offense of distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant distributed a controlled substance. Distribute means to transfer or attempt to transfer to another person. The Government need not prove that the defendant received or expected to receive anything of value in return; and

2. That the defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

The essential elements of the underlying offense of possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant possessed a controlled substance;

2. That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

3. That when the defendant possessed the controlled substance, the defendant had the specific intent to distribute it.

### III. Penalties for the Offense

With respect to Count 1, the penalty for Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance containing a Detectable Amount of Fentanyl and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, is:

(A) a term of imprisonment not greater than twenty (20) years;

  (B) a fine not to exceed $1,000,000;

  (C) a term of supervised release of not less than three years to follow any period of incarceration; and

  (D) a special assessment of $100.

**IV.** **Brief Statement of the Facts**

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

1. The defendant conspired with others, including Ronald Hunt in 24-cr-456, to distribute and possess with the intent to distribute blue pills containing fentanyl. Specifically, the defendant obtained or sought to obtain blue pills containing fentanyl (known as "blues") from Ronald Hunt.

2. For example, on April 20, 2024, the defendant and Hunt exchanged a series of text messages. Hunt's first text message said, "up to 500 at a time on the blues." His second text said, "I got them." The defendant responded by texting, "then 500 every month like clock work." He later texted, "just grab 480." Hunt responded, "I can go lower than what you paying." The defendant responded, "2.25 2.50 depends," or $2.25 or $2.50 per pill. Hunt was letting the defendant know that he could sell 500 fentanyl pills at a time and the defendant indicated he would get that many once a month.

3. On April 25, 2024, the defendant called Hunt. The defendant told Hunt, "I need 500 of 'em," or 500 pills. The defendant said, "All right." The defendant then said, "You said five, two twenty-five and that's eleven something." Hunt agreed, and the two made plans to meet later. Later that day, the defendant texted Hunt, "487 sir," meaning that he only received 487 pills instead of 500. Hunt responded, "I got you." Hunt thus agreed to sell 500 fentanyl pills to the defendant

for $2.25/pill, or $1,125, but only gave the defendant 487 pills.

4. On May 24, 2024, the defendant called Hunt and said, "I need 500," or 500 pills. He emphasized that he wanted 500 pills by saying "not 498, not—not 501 slim." A few hours later, Hunt called the defendant and told him to come outside. Later that day, the defendant called Hunt and said he only received 404 pills. Hunt thus sold 404 pills to the defendant, rather than the agreed-upon 500 pills.

5. On June 5, 2024, the defendant asked Hunt for "300 of 'em," or 300 pills. After some back and forth, Hunt said, "give me 500," or $500. Hunt thus agreed to sell the defendant 300 pills for $500.

6. The Defendant received the fentanyl pills from Hunt in order to distribute at least some of them to others.

7. Consistent with the plea agreement, the defendant agrees that he is accountable for at least 40 grams but less than 160 grams of fentanyl, including amounts he distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by his co-conspirators that was reasonably foreseeable to him and within the scope of his conspiratorial agreement.

8. On October 16, 2024, the defendant was arrested inside his apartment in Washington, D.C. Among other items recovered was a digital scale of the type used for drug trafficking.

9. The defendant agrees that he personally has read, or had read to him, the Indictment in this case, Case No. 24-cr-456 (TJK) including the allegations and charges against the defendant and his codefendants. The defendant agrees that he does not have information to dispute or disprove those allegations and charges against him, nor his co-defendants, set forth in the

Indictment in any way.

10. This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties, but it is a minimal statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crimes.

11. This Statement of the Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offenses to which he is pleading guilty.

> Respectfully Submitted,
>
> JEANINE FERRIS PIRRO
> UNITED STATES ATTORNEY
>
>
> By: /s/ Solomon S. Eppel
> SOLOMON S. EPPEL
> D.C. Bar No. 1046323
> Assistant United States Attorney
> 601 D Street, N.W.
> Washington, D.C. 20530
> 202-252-6661
> solomon.eppel@usdoj.gov

## DEFENDANT'S ACKNOWLEDGMENT

I have read each of the pages that constitute the Government's proffer of evidence and have discussed it with my attorney, Nate Silver., I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: X 11-22-2025

X Maurice Tutt
Maurice Tutt
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages that constitute the Government's Proffer of Evidence, reviewed them with my client, Maurice Tutt, and discussed the provisions of the proffer with him fully. These pages accurately and completely set forth the Government's proof, as I understand it.

Date: 11-22-2025

Nate Silver
Attorney for Defendant Maurice Tutt